**Preeyawit SKULPRAVITRI, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73512.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 18, 2004.

Preeyawit Skulpravitri, Los Angeles, CA, Petitioner Pro Se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, David V. Bernal, Attorney, Jamie M. Dowd, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, LEAVY, and FISHER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Preeyawit Skulpravitri, a native and citizen of Thailand, petitions pro se for review of a decision of the Board of Immigration Appeals ("BIA") affirming, without opinion, an Immigration Judge's ("IJ") finding that he abandoned his application for asylum, withholding of removal, and relief under the Convention against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Skulpravitri's petition for review.

Skulpravitri contends that the IJ abused his discretion by denying him a second continuance to file his application for asylum. We disagree.

■ The decision to grant or deny continuances is within the sound discretion of the trial judge and will not be overturned except on a showing of clear abuse. *Rios–Berrios v. INS*, 776 F.2d 859, 862 (9th Cir.1985). Skulpravitri received one continuance and a warning from the IJ that timeliness was essential, or his petition would be considered abandoned. When asked by the IJ why his application had still not been prepared after the initial continuance, Skulpravitri stated that he had no excuse. We conclude that the IJ did not abuse his discretion. *See id.*

■ Skulpravitri also contends that the BIA's streamlining regulations violate his due process rights. This contention is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–51 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

